FW037038 $402.00

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

OCT 12   AM 9:34

DEPUTY CLERK _____

| | |
|---|---|
| LAPACA JOE JEFFERSON, Individually and §<br>as The Uncle of ATATIANA Koquice Jefferson §<br>Biological Daughter of the deceased Father Marquis§<br>Antonio Jefferson, also deceased. And no other §<br>Immediate Family member. §<br>No Legal Estate in place or authorized. §<br>Deceased Plaintiffs §<br>§<br>§<br>vs. §<br>§<br>§<br>AARON DEAN Individually and as an agent §<br> and/or an Employee of the CITY OF FORT §<br>WORTH Police Department, Defendant City of §<br>Fort Worth, Defendant Ed Kraus, Former Chief §<br>Of Police, Defendant former Mayor Betsy Price, §<br>Defendant current Mayor Mattie Parker, §<br>Defendant David Cooke, City Manager and §<br>Doc 1 to 20 Defendants §| **4-21CV1141-p**<br><br><br>CIVIL ACTION:<br><br><br>COMPLAINT AND<br>WRONGFUL DEATH |

### PLAINTIFFS ORIGINAL COMPLAINT

Now comes the Plaintiff, LAPACA JOE JEFFERSON, Individually, as Uncle and brother of the

biological deceased Father of the murdered plaintiff Atatiana Koquice Jefferson hereby file this

civil rights suit against the named defendants for wrongful death of a human being thus violating

her civil rights and depriving her of life and a God given right as enjoyed by all human being on

Earth. Plainitff complaining of the acts and omissions of Defendants, AARON DEAN and the

CITY OF FORT WORTH; and in support of their ORIGINAL COMPLAINT states as follows:

### PARTIES

1.      Plaintiff, LAPACA JOE JEFFERSON is a person of the full age of majority and a

citizen and resident of Dallas County Texas. And citizen of the United States, sues on behalf of

himself under the theory of wrongful death pursuant to 42 U.S.C. 51983 and any and all other statutes and theories of recovery described herein. and not to mentioned the civil Rights acts.

2.      Plaintiff LAPACA JOE JEFFERSON, is the biological Brother of the deceased Father the Late Marquis Antonio Jefferson, who died a short time after laying his daughter to rest and died partial of a broken heart. See The Birth Certificate of LAPACA JOE JEFFERSON Marked as Plaintiff's Exhibit "A" See the certificate of death of Marquis Antonio Jefferson Marked Plaintiff's Exhibit "C" and the birth certificate of deceased Atatiana Koquice Jefferson, marked for plaintiff's Exhibit "D' See Plaintiff Affidavit Exhibit "E"

3.      Plaintiff offer as evidence a previous Temporary Restraining Order issued by a Dallas County Judge Restraining others and anyone acting in concert with them from having any authority over or in direct authority with the affairs of the Plaintiff deceased Atatiana Koquice Jefferson. See Plaintiff's Exhibit "B' Both the court order and the Birth Certificate list Marquis Antonio Jefferson as the biological father

4.      The deceased Atatiana Koquice Jefferson did not have an opportunity to draft or plan a future or to write a Will. Her affairs were handled totally by strangers and nothing she wanted was done or could have been done to her liking. She had no will, no trust and no estate to plan for the future. Plaintiffs LAPACA JOE JEFFERSON bring this survival action pursuant to 42 U.S.C. *1983 and any and all other statutes and theories of recovery described herein.

5.      Defendant, AARON DEAN, Badge # 4598, is a resident of Texas, and is an Officer and Law Enforcement Officer for the City of Fort Worth Police Department. Fort Worth City Council former Mayor Betsy Price, current mayor Mattie Parker. At all times relevant to this cause, AARON DEAN was operating under color of law and in the course and scope of his agency

Plaintiff's Original Complaint

and/or employment relationship with The City of Fort Worth and pursuant to the City of Forth Worth Police Department's customs, policies, and practices which were the primary reason behind the constitutional violations asserted herein. Defendant, AARON DEAN may be served at the Bob Bolen Public Safety Complex, 505 W. Felix, Fort Worth, Texas 76115. Or at his home place or residence.

6.     Defendant, THE CITY OF FORT WORTH is located at the Bob Bolen Public Safety Complex, 505 W. Felix, Fort Worth, Texas 76115. Defendant the City of Fort Worth employed persons including Defendant Aaron Dean who, in the course and scope of his employment, was obliged to enforce the laws in City of Fort Worth.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the claims raised in this Complaint under 42 US 1983 and 1988, and 28 U.S.C.

8.     Venue is appropriate in the Northern District of Texas Under 28 U.S.C. 1391 as Defendants reside, and the acts complained of arose, in the Northern District of Texas.

9.     Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the violent Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

10.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTS

Plaintiff's Original Complaint

11.     Atatiana Koquice Jefferson was the 28-year-old beloved younger child of Plaintiff Marquis Antonio Jefferson, Deceased and Yolanda Gail Carr, Deceased. Atatiana Koquice Jefferson have always maintain the name Jefferson and never change or used any other name. Atatiana Koquice Jefferson earned B.S. Degree in Chemistry-Pre-Med from the acclaimed Xavier University in Louisiana. Atatiana Koquice Jefferson had returned home to assist her mother, Yolanda Gail Carr to convalesce during health failures; to be near her Family, and nephews; and to work to save money for Medical School. Atatiana Koquice Jefferson was brutally shot dead with malice on October 12, 2019 in her home. Atatiana Koquice Jefferson untimely death was at the hands of Fort Worth Police officer, Aaron Dean. Atatiana Koquice Jefferson was at home in Texas, not violating any laws of the state or federal. Her shooting was without provocation or excuse. Atatiana Koquice Jefferson was shot down like a wild dog in front of her (8) eight-year-old nephews who will be affected by this incident for the rest of his life and will suffer PTSD and may need counseling for the rest of his young life into adulthood. Atatiana Koquice Jefferson was not wanted by any State jurisdiction nor was she wanted by any Federal Jurisdiction or any fugitive from justice.

12.     On or about October 12, 2019, Aaron Dean was an employee of the City of Fort Worth as a Police Officer with the City of Fort Worth Police Department.

13.     Defendant, the City of Fort Worth employed Defendant, Aaron Dean who had a duty to enforce the laws and to protect people in City of Fort Worth. Defendant, Aaron Dean's conduct during the course and scope of employment caused the untimely death of Atatiana Koquice Jefferson,

Plaintiff's Original Complaint

14.     On or about October 12, 2019, Atatiana Koquice Jefferson was babysitting and playing video games with her 8-year-old nephew at her residence in Fort Worth, Tarrant County Texas.

15.     On or about October 12, 2019, Atatiana Koquice Jefferson's neighbor called the police to request a welfare check on Atatiana Koquice Jefferson, 's Fort Worth home after he discovered the door to the residence open for several hours. Defendant, AARON DEAN was one of the two officers who reported to conduct a simple welfare check on the residence.

16.     On October 12, 2019, Defendant, Dean walked directly through a gate and into the backyard, instead of knocking on the front door of the residence or announcing his presence. Atatiana was not aware of the police officers' presence at the house. Neither officer announced themselves. Defendant, AARON DEAN, failed to identify himself, or to alert Atatiana Koquice Jefferson of his presence. Dean breached the safety and seclusion of Atatiana Koquice Jefferson property. Dean, immediately, within seconds of seeing the resident inside of her home; shot her dead through a window of the home. Defendant dean in his prowl around the backyard of her home, caused Atatiana Koquice Jefferson fear and uncertainty. Dean shot Atatiana Koquice Jefferson causing pain and suffering. Dean failed to render medical aide to Atatiana Koquice Jefferson.

17.     On October 12, 2019, Atatiana Koquice Jefferson died in her home as a result of a deadly gunshot injury by an assailant Aaron Dean. she suffered because of Defendant Aaron Dean' unauthorized and unreasonable conduct.

18.     On October 12, 2019, Atatiana Koquice Jefferson was survived by her father, MARQUIS ANTIONO, JEFFERSON, DECEASED Father died on November 19. 2019, and her

Plaintiff's Original Complaint

mother Yolanda Carr. who died on January 9, 2020. Atatiana Koquice Jefferson is survived by biological uncle Lapaca Joe Jefferson also survived by half-siblings, Ashley Carr and Adarius Carr. Atatiana Koquice Jefferson is survived by half-sister, Amber Carr.

19.     The Defendants named above caused and are responsible for the unlawful and unauthorized conduct exhibited by Defendant Aaron Dean during the course and scope of his employment as a police officer for the City of Fort Worth and Fort Worth Police Department. No proper training and no community discipline.

20.     The Defendants caused bodily injury to Atatiana Koquice Jefferson, by, among other things, personally participating in the unlawful conduct, acts or omissions, or by jointly acting with others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that led to the unlawful conduct; by failing and refusing with deliberate indifference to Atatiana Koquice Jefferson,'s constitutionally protected rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

21.     The Defendants each acted under color of law and deprived Atatiana Koquice Jefferson, of her constitutional rights, including her right to be free from excessive and unreasonable use of force in violation of the Fourth Amendment and pursuant to 42 U.S.C 1983.

22.     Defendants were deliberately indifferent to protecting Atatiana Koquice Jefferson from harm by systematically failing to provide adequate training and supervision to its officers, uphold Atatiana Koquice Jefferson's constitutional rights, and providing urgently needed medical care. Defendants acted with highly disregard for the rights of others, and their conduct was

Plaintiff's Original Complaint

extreme and unreasonable under the circumstances. Defendant's conduct was the cause of Atatiana Koquice Jefferson untimely death.

## Count I
### Aaron Dean — Violation of Constitutionally Protected Civil Rights
### (42 U.S.C. 1983, Excessive Force)

Plaintiff re-alleges Paragraphs 1-22 of the Complaint.

23.    Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

24.    Prior to October 12, 2019, the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public in violation of well-established police practices.

25.    On October 12, 2019, Defendant Aaron Dean acted under color of law.

26.    Atatiana Koquice Jefferson, was in a special relationship with the Defendant, within the meaning of the case law interpreting 42 U.S.C. 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under color of federal law, from subjecting any person to unlawful search and seizure without due process of law.

27.    Defendant, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally and with conscious, callous, deliberate and unreasonably indifference deprived Atatiana Koquice Jefferson, of her constitutional rights.

28.    The Defendant's conduct described above constitutes gross negligence, recklessness and unreasonable and deliberate indifference to Atatiana Koquice Jefferson,'s rights under the Fourth Amendment to the United States Constitution and violated 42 U.S.C. 1983.

Plaintiff's Original Complaint

29.     The above-described acts by Defendant Aaron Dean demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Koquice Jefferson, as provided in the Constitution. As a result of Defendant Aaron Dean's violations of Atatiana Koquice Jefferson,'s constitutional rights, Atatiana Koquice Jefferson suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately death.

30.     Atatiana Koquice Jefferson, exercised her rights, or attempted to do so, under the United States Constitution.

31.     Defendant Aaron Dean deprived Atatiana Koquice Jefferson, of her rights guaranteed by the United States Constitution and federal statutes. Defendant's deprivation of the constitutional protected rights of another was the result of the failure to provide adequate training and supervision to police officers

32.     Defendant Aaron Dean acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Atatiana Koquice Jefferson, of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. 1983.

33.     Defendant Aaron Dean acted under color of law and deprived Atatiana Koquice Jefferson, of her constitutional rights, including her right to be free from excessive and unreasonable force in violation of the provisions of the Fourth Amendment.

34.     As a direct and proximate result of the foregoing, Defendant Aaron Dean, individually and as an agent and/or employee of the City of Fort worth and the City of Fort Worth Police Department, deprived Atatiana Koquice Jefferson, of her constitutional rights and

Plaintiff's Original Complaint

privileges as a citizen of the United States, and Defendant Aaron Dean caused Atatiana Koquice Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

35.     The claims and causes of action for injuries to the health, reputation, and person sustained by Atatiana Koquice Jefferson, are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

36.     The claims and causes of action for the wrongful death of Atatiana Koquice Jefferson, are brought by her father, LAPACA JOE JEFFERSON on behalf of himself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-0049

## Count II

**Aaron Dean — Assault and Battery**

Plaintiff re-alleges Paragraphs 1-36 of the Complaint.

37.     'On or about October 12, 2019, Defendant Aaron Dean committed a battery upon Atatiana Koquice Jefferson when he intentionally, knowingly, and/or recklessly shot Atatiana Koquice Jefferson, through a window at her residence causing severe bodily injury and death.

38.     On or about October 12, 2019, Defendant Aaron Dean committed an assault upon Atatiana Koquice Jefferson, when he intentionally, knowingly, and/or recklessly pointed  a gun at Atatiana Koquice Jefferson while she was lawfully present in her residence.

39.     On or about October 12, 2019, Defendant Aaron Dean committed an assault upon Atatiana Koquice Jefferson, when he intentionally, knowingly, and/or recklessly threatened

Plaintiff's Original Complaint

Atatiana Koquice Jefferson, with bodily injury by pointing a gun at her and saying words to the effect "Put your hands up" as she lawfully resided in her residence.

40.     On or about October 12, 2019, Defendant Aaron Dean committed an assault and battery upon Atatiana Koquice Jefferson when he intentionally, knowingly, and/or recklessly used excessive force on Atatiana Koquice Jefferson, while she resided in her residence.

41.     Defendant Aaron Dean was not privileged to take the action or use force, and such action was not necessary under the circumstances.

42.     As a direct and proximate result of the foregoing, Defendant Aaron Dean, individually and as an agent and/or employee of the City of Fort Worth and the City of Fort Worth Police Department, assaulted and battered Atatiana Koquice Jefferson, and Defendant Aaron Dean caused Atatiana Koquice Jefferson, to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional limit, to be proven at trial.

43.     The claims and causes of action for injuries to the health, reputation, and person sustained by Atatiana Koquice Jefferson, are brought in this action as an alternative pendent state law claim pursuant to Texas Penal Code section 22.01.

## Count 111

### Aaron Dean — Willful and Wanton — Survival

Plaintiff re-alleges Paragraphs 1-43 of the Complaint.

44.     Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

Plaintiff's Original Complaint

45.     Prior to October 12, 2019, the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public

46.     On October 12, 2019, Defendant Aaron Dean acted under color of law.

47.     In the events alleged above, Defendant Aaron Dean acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Atatiana Koquice Jefferson.

48.     Jefferson of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. 1983.

49.     The above-described acts and omissions by Defendant Aaron Dean demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Koquice Jefferson, Defendant Aaron Dean was not privileged in his actions, failed to identify himself and provide notice of his presence outside of Atatiana Koquice Jefferson, 's residence.

50.     As a result of Defendant Aaron Dean's violations of Atatiana Koquice Jefferson,'s constitutional rights, Atatiana Koquice Jefferson, suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

51.     Atatiana Koquice Jefferson, exercised her rights, or attempted to do so, under the United States Constitution.

52.     Defendant Aaron Dean deprived Atatiana Koquice Jefferson, of her rights guaranteed by the United States Constitution and federal statutes. Defendant Aaron Dean

intentionally shot through the window causing the death of Atatiana Koquice Jefferson, in violations of her Constitutional protected rights.

53.     As a direct and proximate result of the foregoing, Defendant Aaron Dean individually and as an agent and/or employee of the City of Fort Worth and the City of Fort Worth Police Department, deprived Atatiana Koquice Jefferson, of her rights and privileges as a citizen of the United States, and Defendant caused Atatiana Koquice Jefferson, to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

54.     The claims and causes of action for injuries to the health, reputation and person sustained by Atatiana Koquice Jefferson are brought in this action pursuant to the

55.     Survival Act, Texas Civil Practice and Remedies Code section 71.021.

### Count IV

### City of Fort Worth and City of Fort Worth Police Department — Institutional Liability — Survival

Plaintiff re-alleges Paragraphs 1-55 of the Complaint

56.     Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

Plaintiff's Original Complaint

57.     Prior to October 12, 2019, Defendant the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public.

58.     On October 12, 2019, Defendant Aaron Dean was an agent and/or employee of Defendant the City of Fort Worth and the City of Fort Worth Police Department.

59.     In the events alleged above, Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, acted contrary to law, and intentionally and unreasonably deprived Atatiana Koquice Jefferson, of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. 1983 in a willful and wanton fashion.

60.     Prior to October 12, 2019, and at all times relevant, Defendant City of Fort Worth and the City of Fort Worth Police Department was responsible for training its law enforcement officers, including but not limited to Defendant Aaron Dean with regard to how to conduct proper welfare checks, but failed to fully, adequately, and properly do so.

61.     Prior to October 12, 2019, and at all times relevant, Defendant the City of Fort Worth and the City of Fort Worth Police Department failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as City of Fort Worth Police officer, including but not limited to, Defendant Aaron Dean.

62.     The above-described acts and omissions by Defendant the City of Fort Worth and Fort Worth Police Department, namely failing to provide adequate training demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of

Plaintiff's Original Complaint

Atatiana Koquice Jefferson, Defendants' acts or omission constitute a pattern of unreasonable conduct or custom that directly caused bodily injury and death to Atatiana Koquice Jefferson,.

63.     As a result of the violations of Atatiana Koquice Jefferson,'s constitutional rights by Defendant the City of Fort Worth and the City of Fort Worth Police Department, through its agent and/or employee, Defendant Aaron Dean, his described willful and wanton conduct, Atatiana Koquice Jefferson, suffered substantial injuries, damages and, ultimately, death

64.     Atatiana Koquice Jefferson, exercised her rights, or attempted to do so, under the United States Constitution.

65.     Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, deprived Atatiana Koquice Jefferson, of her rights guaranteed by the United States Constitution and federal statutes.

66.     As a direct and proximate result of the foregoing conduct Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, deprived Atatiana Koquice Jefferson, of her rights and privileges as a citizen of the United States, and caused Atatiana Koquice Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

67.     The claims and causes of action for injuries to the health, reputation and person sustained by Atatiana Koquice Jefferson, are brought in this action pursuant to the

68.     Survival Act, Texas Civil Practice and Remedies Code section 71.021.

Plaintiff's Original Complaint

Count V

**City of Fort Worth — Institutional Liability Wrongful Death Plaintiff re-alleges**
Paragraphs 1-68 of the Complaint.

69.     On October 12, 2019, Defendant Aaron Dean was an agent and/or employee of City of Fort Worth through his employment at the City of Fort Worth Police Department.

70.     In the events alleged above, City of Fort Worth, by and through its agents and/or employees, Defendant Aaron Dean, and others, acted contrary to law, and intentionally and unreasonably deprived Atatiana Koquice Jefferson, of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. 1983 in a willful and wanton fashion.

71.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Jefferson.

72.     As a result of the violation of Atatiana Koquice Jefferson,'s constitutional rights by City of Fort Worth Sheriff's Office agents and/or employees, Defendant Aaron Dean, and others, Atatiana Koquice Jefferson, suffered substantial injuries, damages and, ultimately, death.

73.     On or about October 12, 2019, at various points in time, Atatiana Koquice Jefferson, was not adequately informed of the presence or identification of police officers outside her residence.

74.     On or about October 12 2019, Defendant City of Fort Worth Police Department and Aaron Dean, and others were willful, wanton, and recklessly exhibited a conscious disregard

Plaintiff's Original Complaint

for the safety of Atatiana Koquice Jefferson, by using excessive force and failing to keep her free from injury, harm, and death.

75.     Defendant City of Fort Worth, by and through its agents and/or employees, Defendant Aaron Dean, and others, deprived Atatiana Koquice Jefferson, of her rights guaranteed by the United States Constitution and federal statutes.

76.     As a direct and proximate result of the foregoing, Defendant, City of Fort Worth, by and through its agents and or employees, including Defendant Aaron Dean, and others, deprived Atatiana Koquice Jefferson of her rights and privileges as a citizen of the United States, and caused Atatiana Koquice Jefferson, to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

77.     The claims and causes of action for the wrongful death of Atatiana Koquice Jefferson are brought by her father LAPACA JOE JEFFERSON on behalf of himself and as a rightful heir, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count VI

## Count XIV \1983 and Supervisory Liability Claim —

## City of Fort Worth Police Department

Plaintiff realleges paragraphs 1-77 of complaint

78.     The actions of Defendants, which resulted in Atatiana Koquice Jefferson,'s death, were done pursuant to one or more interrelated de facto as well as explicit policies, practices

Plaintiff's Original Complaint

and/or customs of the Defendant, City of Fort Worth and the City of Fort Worth Police Department, its personnel division, its agents, and/or its officials.

79.    Defendants the City of Fort Worth and the City of Fort Worth Police Department, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Atatiana Koquice Jefferson,'s constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant City of Fort Worth and the City of Fort Worth Police Department, its Boards, its Personnel Divisions, its agents and/or officials had interrelated defacto policies, practices, and customs which include, inter alia:

a. Utilizing or condoning the use of excessive force during a wellness check at the residence of Atatiana Koquice Jefferson,

b. Failing to properly train, supervise, discipline, transfer, monitor, counsel and othe1Nise control patrolmen and/or officers;

c.  Failing and refusing to correct, discipline, and follow up on the actions of Defendant Aaron Dean;

80.    Defendant the City of Fort Worth Police Department adopted, implemented, supplemented, reinforced, and promulgated policies, customs, and practices, as set forth above, all of which were a proximate cause and a moving force in the death of Atatiana Koquice Jefferson,

Plaintiff's Original Complaint

81.     By their deliberate indifference, Defendants the City of Fort Worth Police Department implemented and encouraged policies, practices, and customs with deliberate indifference to the rights of citizens.

82.     Said policies, practices and customs, as set forth, both individually and together, were maintained and implemented with deliberate indifference and were unreasonable; and encouraged, inter alia, the failure to properly conduct a safety/welfare check.

83.     As a direct and proximate result of the acts and conduct of Defendant, Plaintiff suffered injuries and death.

Damages

84.     Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above-described acts and/or omissions.

85.     Plaintiff and Plaintiffs Decedent suffered compensatory, special, and punitive damages for the following:

a.  Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendant Aaron Dean;

b.  Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Aaron Dean subjected Plaintiff;

Plaintiff's Original Complaint

c. Violation of Plaintiffs civil rights by Defendants Aaron Dean, City of Fort Worth, and the City of Fort Worth Police Department; and

d. Punitive damages for egregious acts and omissions of Defendants Aaron Dean, the City of Fort Worth, and the City of Fort Worth Police Department.

e. Plaintiff is entitled to attorney's fees for litigation of this matter.

f. Plaintiff requests and is entitled to a trial by jury.

Prayer for Relief

86.     LAPACA JOE JEFFERSON, as Uncle and Personal Representative of the estate of Atatiana Koquice Jefferson, deceased, prays that for judgment on her behalf and against defendants jointly and severally, as follows:

a. Compensatory, special, and punitive damages;

b. The cost of this action and reasonable attorney fees as provided by 42 U.S.C.

1983;

c. Judicial interest from date of judicial demand;

d. Trial by jury; and

Such further relief as this Court deems just and equitable.

Respectfully Submitted By:

Sonya Chandler-Anderson
(Pending Pro Hac Admission)

Plaintiff's Original Complaint

WILLIAMS AND WILIAMS LAW GROUP, PLLC

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certified that on October 12, 2021, I filed the foregoing with the clerk of the Court for the Northern District. Additionally, copy of the foregoing will be mailed to the Defendants by certified mail, return receipt requested.

/s/ Sonya Chandler-Anderson
Sonya Chandler-Anderson

# EXHIBIT A

## CITY OF DALLAS

FILE NO. 159596-1962

NAME: LAPACA JOE JEFFERSON

SEX: MALE

DATE OF BIRTH: 08-17-1962

PLACE OF BIRTH: DALLAS COUNTY, TEXAS

FATHER: JOE WATSON JEFFERSON

MOTHER: JULIA ANN LOLLAR

DATE FILED: 10-10-1962



MAR



S F 0 2 3 1 0 1 6 6



This is a true and correct copy of the record as registered in the State of Texas. Issued under the authority of Section 191.051, Health and Safety Code.

*Margarita A. Carrasco*

Margarita A. Carrasco
Local Registrar

ISSUED Jun 29 2021

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# EXHIBIT B

NO. PR-19-03438-1

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ATATIANA JEFFERSON, | § | NO. 1 |
| | § | |
| DECEASED | § | DALLAS COUNTY, TEXAS |

## ORDER AUTHORIZING THE RIGHT OF SURVIVING FATHER TO CONTROL DECEASED'S BURIAL AND TEMPORARY RESTRAINING ORDER

On this 18th day of October, 2019, came on to be heard the Application to Authorize the Right of Surviving Father to Control Deceased's Burial and Temporary Restraining Order ("Application") filed by Marquis A. Jefferson ("Applicant"), and the Court, having heard the evidence, finds that Applicant will suffer immediate and irreparable harm if a temporary restraining order is not entered preventing Bonita Body and Golden Gate Funeral Home, acting at the direction of Bonita Body, their attorneys, agents, and employees and those persons in active concert or participation with them, from exercising any activities related to the wake, funeral preparations and burial of Atatiana Jefferson; that there is no adequate remedy at law which will give Applicant complete, final and equal relief if the Temporary Restraining Order is not granted and the funeral arrangements dictated by Bonita Body, and those acting upon her direction, proceed; and that the Application should be granted.

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Bonita Body and Golden Gate Funeral, acting at the direction of Bonita Body, their attorneys, agents, employees and those persons in active concert or participation with them, who receive

Page 1

actual notice of this order by personal service or otherwise.

The requirement of a bond is hereby set at $250.00.

**IT IS THEREFORE ORDERED** that Bonita Body, Golden Gate Funeral Home, acting upon the direction of Bonita Body, their attorneys, agents, employees and others acting in concert with them, shall not be permitted to direct or control t h e funeral and burial of ATATIANA JEFFERSON, Deceased.

**IT IS FURTHER ORDERED** that Marquis A. Jefferson shall have full authority to make arrangements for the funeral and burial of ATATIANA JEFFERSON, Deceased.

**IT IS FURTHER ORDERED** that bond is set at $250.00.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to Bonita Body to appear before this Court, Dallas Probate Court No. 1, 1201 Elm Street, Suite 2200, Dallas Texas 75270, on the 21st day of October, 2019 at 10:00 o'clock a.m.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to Golden Gate Funeral Home to appear before this Court, Dallas Probate Court No. 1, 1201 Elm Street, Suite 2200, Dallas Texas 75270, on the 21st day of October, 2019 at 10:00 o'clock a.m.

The purpose of the hearing is to determine whether, during the pendency of this case, the preceding temporary restraining order should be continued and made a temporary injunction pending final hearing hereon.

**SIGNED on the 18th day of October, 2019, at 12:55 p.m.**

*Brenda Hull Thompson*

_____

**JUDGE PRESIDING**

# EXHIBIT C

# STATE OF TEXAS

# CITY OF DALLAS

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS

Nov 22 2019

**STATE OF TEXAS**   **CERTIFICATE OF DEATH**   STATE FILE NUMBER   142-19-176477

| 1. LEGAL NAME OF DECEASED (Include AKA's, if any) (First, Middle, Last) | | (Before Marriage) | 2. DATE OF DEATH - ACTUAL OR PRESUMED (mm-dd-yyyy) |
|---|---|---|---|
| MARQUIS   ANTONIO   JEFFERSON | | | NOVEMBER 9, 2019 |

| 3. SEX | 4. DATE OF BIRTH (mm-dd-yyyy) | 5. AGE-Last Birthday (Years) | IF UNDER 1 YR. Mo   Days | IF UNDER 1 DAY Hours   Min | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| MALE | MARCH 6, 1961 | 58 | | | ATHENS, TX |

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH | 9. SURVIVING SPOUSE'S NAME (If spouse, give name prior to first marriage) |
|---|---|---|
| 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 | ☒ Married   ☐ Widowed (and not remarried)   ☐ Divorced (and not remarried)   ☐ Never Married   ☐ Unknown | NOELLA   WINSLOW |

| 10a. RESIDENCE STREET ADDRESS | 10b. APT. NO. | 10c. CITY OR TOWN |
|---|---|---|
| 1206 HIDDEN VALLEY DRIVE | | DALLAS |

| 10d. COUNTY | 10e. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS? |
|---|---|---|---|
| DALLAS | TEXAS | 75241-3735 | ☒ Yes   ☐ No |

| 11. FATHER/PARENT 2 NAME PRIOR TO FIRST MARRIAGE | 12. MOTHER/PARENT 1 NAME PRIOR TO FIRST MARRIAGE |
|---|---|
| JOE   JEFFERSON | JULIA   LOLLAR |

**13. PLACE OF DEATH (CHECK ONLY ONE)**

| IF DEATH OCCURRED IN A HOSPITAL: | IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: |
|---|---|
| ☒ Inpatient   ☐ ER/Outpatient   ☐ DOA | ☐ Hospice Facility   ☐ Nursing Home   ☐ Decedent's Home   ☐ Other (Specify) |

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO) | 16. PLACE OF DEATH (If not institution, give street address) |
|---|---|---|
| DALLAS | DALLAS, 75237 | CHARLTON METHODIST HOSPITAL |

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code) |
|---|---|
| NOELLA JEFFERSON - SPOUSE | 1206 HIDDEN VALLEY DRIVE, DALLAS, TX 75241-3735 |

| 19. METHOD OF DISPOSITION | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21. |
|---|---|---|
| ☒ Burial   ☐ Cremation   ☐ Donation   ☐ Entombment   ☐ Removal from state   ☐ Mausoleum   ☐ Other (Specify) | ALLEN MADISON, BY ELECTRONIC SIGNATURE - 6301 | ☒ Unknown   Section ___   Block ___   Lot ___   Space ___ |

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|
| LINCOLN MEMORIAL PARK | DALLAS, TX. |

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| EVERGREEN MEMORIAL FUNERAL HOME, INC. | 6449 UNIVERSITY HILLS BLVD., DALLAS, TX 75241 |

**26. CERTIFIER (Check only one)**
☒ Certifying physician-To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (mm-dd-yyyy) | 29. LICENSE NUMBER | 30. TIME OF DEATH (Actual or presumed) |
|---|---|---|---|
| KOTESHWARA NADIPALLI , BY ELECTRONIC SIGNATURE | NOVEMBER 18, 2018 | N1007 | 07:10 PM |

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code) | 32. TITLE OF CERTIFIER |
|---|---|
| KOTESHWARA NADIPALLI 3500 W WHEATLAND RD, DALLAS, TX 75237 | MD |

**33. PART 1. ENTER THE CHAIN OF EVENTS – DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.**

|  | | Approximate Interval Onset to death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death)   a. | ACUTE RESPIRATORY FAILURE | 1-2 DAYS |
| Due to (or as a consequence of): | | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated, the events resulting in death) LAST   b. | CARDIAC ARREST | 1-2 DAYS |
| Due to (or as a consequence of): | | |
| c. | | |
| Due to (or as a consequence of): | | |
| d. | | |

| PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I. | 34. WAS AN AUTOPSY PERFORMED? ☐ Yes   ☒ No |
|---|---|
| | 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes   ☐ No |

| 36. MANNER OF DEATH | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | 38. IF FEMALE: | 39. IF TRANSPORTATION INJURY, SPECIFY: |
|---|---|---|---|
| ☒ Natural   ☐ Accident   ☐ Suicide   ☐ Homicide   ☐ Pending Investigation   ☐ Could not be determined | ☐ Yes   ☐ No   ☐ Previously   ☐ Probably   ☒ Unknown | ☐ Not pregnant within past year   ☐ Pregnant at time of death   ☐ Not pregnant, but pregnant within 42 days of death   ☐ Not pregnant, but pregnant 43 days to one year before death   ☐ Unknown if pregnant within the past year | ☐ Driver/Operator   ☐ Passenger   ☐ Pedestrian   ☐ Other (Specify) |

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes   ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) |
|---|---|---|---|
| | | | |

| 40e. LOCATION (Street and Number, City, State, Zip Code) | 40f. COUNTY OF INJURY |
|---|---|
| | |

| 41. DESCRIBE HOW INJURY OCCURRED |
|---|
| |

| 42a. REGISTRAR FILE NO. | 42b. DATE RECEIVED BY LOCAL REGISTRAR | 42c. REGISTRAR |
|---|---|---|
| 02010518 | NOVEMBER 22, 2019 | REGISTRAR - CITY OF DALLAS, ELECTRONICALLY FILED |

EDR NUMBER 000044444801194

This is a true and correct copy of the record as registered in the State of Texas. Issued under the authority of Section 191.051, Health and Safety Code.

ISSUED   JUN 2 9 2021



Margarita A. Carrasco
Margarita A. Carrasco
Local Registrar



WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

VS-112 REV 1/2006

S F02310170

# EXHIBIT D

**CERTIFICATION OF VITAL RECORD**

**CITY OF DALLAS**

EXHIBIT "A"

# DECEASED

**STATE OF TEXAS**              **CERTIFICATE OF BIRTH**              BIRTH NUMBER 142-90-300638

| | 1. Name (First, Middle, Last Name) | | | 2. Date of Birth | 3. Sex |
|---|---|---|---|---|---|
| NEWBORN | ATATIANA | KOQUICE | JEFFERSON | 11/28/1990 | FEMALE |

| | 4a. Place of Birth - County | 4b. City or Town | 5. Time of Birth | 6a. Plurality - Single, Twin, Triple, etc. | 6b. If Plural Birth, Born 1st, 2nd, 3rd, etc. |
|---|---|---|---|---|---|
| | DALLAS | DALLAS | 06:15 PM | SINGLE | |

| | 7a. Place of Birth □ Clinic / Doctor's Office □ Licensed Birthing Center □ Hospital □ Residence □ Other (Specify) | 7b. Name of Hospital or Birthing Center (If Not Institution, Give Street Address) |
|---|---|---|
| | ☒ Hospital | PARKLAND MEMORIAL HOSP |

| | 8. Informant's Name and Mailing Address | 9. Certifier - I certify that this child was born alive on the date as stated above. |
|---|---|---|
| ATTENDANT / CERTIFIER | MARQUIS A JEFFERSON 10025 SHOREVIEW RD #137 DALLAS, TEXAS 75238 | *Debra F. Owens*  Signature of State Registrar |

| | 10. Name (First, Middle, Maiden Surname) | | | 11. Date of Birth | 12. Birthplace (State or Foreign Country) |
|---|---|---|---|---|---|
| MOTHER | YOLANDA | GAIL | CARR | 06/03/1964 | TEXAS |

| | 13a. Residence - State | 13b. County | 13c. City or Town | 13d. Street Address or Rural Location |
|---|---|---|---|---|
| | TEXAS | DALLAS | DALLAS | 1827 SOUTH EWING |

| | 13e. Inside City Limits ☒ Yes □ No | 14. Mother's Mailing Address (If Same As Residence, Enter Zip Code Only) |
|---|---|---|
| | | 75216 |

| | 15. Name (First, Middle, Last Name) | | | 16. Date of Birth | 17. Birthplace (State or Foreign Country) |
|---|---|---|---|---|---|
| FATHER | MARQUIS | ANTONIO | JEFFERSON | 03/06/1961 | TEXAS |

| | 18a. Registrar's File Number | 18b. File Date | 18c. Name of State Registrar |
|---|---|---|---|
| REGISTRAR | 02-00266 | 01/29/1991 | Debra F. Owens |

VS-161 Rev. 12/99   Texas Department of Health — Bureau of Vital Statistics

This is a true and correct copy of the record as registered in the State of Texas, issued under the authority of Section 191.051, Health and Safety Code.

*Margarita A. Carrasco*
Margarita A. Carrasco
Local Registrar

ISSUED   OCT 16 2019

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

STATE OF TEXAS

# EXHIBIT E

# Affidavit

THE STATE OF TEXAS      §

COUNTY OF DALLAS      §

### AFFIDAVIT OF LAPACA JOE JEFFERSON

Know all men by these presents I, Lapaca Joe Jefferson, depose and say that I am a resident of Dallas County and a citizen of the United States and over the age of 18.

That I was born Lapaca Joe Jefferson on August 17, 1962 to Joe Watson Jefferson and Julia Ann Lollar of Dallas, Texas.

That my parents both deceased and not living in 2021.

That my brother Marquis Antonio Jefferson died on November 9, 2020.

That I Lapaca Joe Jefferson am the uncle of the late Atatiana Jefferson who was murdered by Fort Worth police officer Aaron Dean, who at present is under indictment for murder.

That Atatiana has no immediate family and I am Atatiana's last surviving Uncle.

That I Lapaca Joe Jefferson hereby bring a (legal) and legitimate lawsuit as Atatiana's Uncle who loved his niece and as family brings this lawsuit for wrongful death of his loved one.

That I Lapaca Joe Jefferson recalls the last conversation I had with my niece was just hours before she was murdered and the last time I physically saw her was a week earlier when she showed me how excited she was about going to medical school.

That I believe she was murdered with malice on October the 12, 2019 leaving a large void in the Jefferson family's lives.

That I Lapaca Joe Jefferson believes that this lawsuit is filed within the law and pursuant to immediate family as stated in CFR § 170.305.

That the police officer Aaron Dean deprived Atatiana Jefferson of a future that she lived for.

1

That she was murdered before her time and without violating any laws or any threats to anyone person or property.

That she was deprived of life without due process.

That she will never have children, she will never practice medicine and never become a grandmother.

That this statement is true and correct to the best of my ability

Lapaca Joe Jefferson

BEFORE ME, the undersigned Notary 'Public, on this day did personally <u>Lapaca Joe Jefferson,</u> who identity is known by me. After being by me duly sworn, <u>Lapaca Joe Jefferson</u> did testify that he is the Affiant, that he has personal knowledge of the facts stated herein this affidavit and the following statement provided are true and correct.

Subscribe and Sworn Before me on this _____ 20 _____ day of September 2021,

Chaka K. Wilson

Notary Public in the and for the State of Texas.

10-27-2024

My Commission Expires On

CHAKA KHAN WILSON
Notary Public, State of Texas
Comm. Expires 10-27-2024
Notary ID 132750290

2