UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LAPACA JEFFERSON,**

  Plaintiff,

v.                                                  No. 4:21-cv-1141-P

**AARON DEAN, ET AL.,**

  Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are the Motions to Intervene and to Dismiss that were filed by David Bakutis, Esq on October 20, 2021. ECF No. 4. Having considered the Motions, the Court concludes both will be **GRANTED**.

## BACKGROUND

Plaintiff's Complaint was filed on October 12, 2021, after extensive probate proceedings determined the proper representation of the Estate of Atatiana Jefferson. ECF No. 1. These probate proceedings were necessary because Ms. Jackson's paternity was hotly disputed after she was shot and killed by Fort Worth Police Officer on October 12, 2019. *See id.*; ECF No. 4. After the protracted probate proceedings, on June 30, 2021, Judge Ponder appointed David Bakutis, Esq. to serve as the temporary administrator of Ms. Jefferson's estate. *See* ECF No. 4-G.

## DISCUSSION

### A. Motion to Intervene

Motions to intervene are governed by Rule 24 of the Federal Rules of Civil Procedure. Under Rule 24, the Court must permit intervention when a party "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impar or impede the movant's ability to protect its interest, unless existing parties adequately represent that

interest." FED. R. CIV. P. 24(a)(2). A party is entitled to intervene by right under this prong when it meets the following four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Haspel & Davis Milling & Planting Co. Ltd. v. Bd. Of Levee Comm'ers of The Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

The Court concludes that Intervenor Bakutis meets each of these elements. *First*, the Motion was timely because it was filed just eight days after the Complaint was filed. *See* ECF Nos. 1, 4. *Second*, Mr. Bakutis was appointed as Administrator of the Estate of Ms. Jefferson and thus has a clear interest relating to the basis of Plaintiff's action. *See* ECF No. 4-G. *Third*, the Court concludes that its disposition of Plaintiff's action would impede the appointed Administrator's ability to properly recover funds that would flow to Ms. Jefferson's Estate. Contrary to the allegations in the Complaint, an Estate has been opened and an Administrator has been appointed—Intervenor Bakutis. ECF Nos. 1, 4. Under Texas law, the survival claim and wrongful death claims at issue here may be brought only by the Administrator of the Estate. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). Therefore, the Court concludes that allowing Plaintiff to continue will harm the lawful operation of Ms. Jefferson's Estate. *Finally*, the Court concludes that Intervenor Bakutis's interests as Administrator are not adequately represented by Plaintiff in this matter. As noted, as Administrator, Intervenor Bakutis is duty-bound to oversee any wrongful death and survival claims of Ms. Jefferson's Estate; this obligation is exclusive and thus Plaintiff cannot adequately represent Intervenor's interests in this case. Because each of the above-listed elements are satisfied, the Motion to Interve should be **GRANTED**.

### B. Motion to Dismiss

The Court next turns to the Motion to Dismiss filed by Mr. Bakutis. *Id.* Intervenor moves to dismiss the lawsuit under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff lacks standing to pursue his claims. ECF No 4. To establish standing, a requirement for subject matter jurisdiction, Plaintiff must satisfy three elements: (1) they "have suffered an injury in fact"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) it is likely "the injury will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)

Here, Intervenor Bakutis argues that Plaintiff is neither the administrator of Ms. Jefferson's Estate nor a wrongful death beneficiary, and thus lacks standing to bring any claims related to Ms. Jefferson's death. ECF No. 4. The Motion argues that Plaintiff does not assert a harm to himself; rather he seeks to recover for injuries sustained by his purported niece. *See id.* The Court agrees. No common law or statutory right to recover for injuries to a niece exists because a putative uncle is not a wrongful death beneficiary and cannot bring suit as such. *See Robinson v. Chiarello*, 806 S.W.2d 304, 310–11 (Tex. App.—Fort Worth 1991, writ denied); TEX. CIV. PRAC. & REM. CODE § 71.004(a). Further, as discussed above, the survival claim and wrongful death claims raised by Plaintiff may be brought only by the administrator of the estate—here, Intervenor Bakutis. *See Austin Nursing Ctr.*, 171 S.W.3d at 850; TEX. CIV. PRAC. & REM. CODE § 71.004(c). A putative uncle cannot bring claims on behalf of a decedent based on the claimed familial relationship alone. *See Austin Nursing Ctr.*, 171 S.W.3d at 850. Thus, because Plaintiff cannot show he suffered an actual injury or that he has a statutorily permitted remedy, the Court lacks jurisdiction to consider his claims. *See id.* Accordingly, the Court concludes that Plaintiff's complaint should be dismissed. *See* FED. R. CIV. P. 12(b)(1).

### CONCLUSION

For the foregoing reasons, the Court concludes the Motion to Intervene filed by David Bakutis (ECF No. 4) should be and is hereby **GRANTED**. The Court further concludes that Intervenor's Motion to

Dismiss (ECF No. 4) should be and is hereby **GRANTED**. Accordingly, Plaintiff's lawsuit is **DISMISSED with prejudice**.

**SO ORDERED** on this **1st day** of **November, 2021.**

*[Signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE